
# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH D. IRELAND,<br><br>      Plaintiff,<br><br>vs.<br><br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | Case No. 3:11-cv-01198-AJB -BGS<br><br>**ORDER SUA SPONTE DISMISSING COMPLAINT WITHOUT PREJUDICE; AND DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [DOC NO. 2], AND MOTION FOR APPOINTMENT OF COUNSEL [DOC. NO. 3] AS MOOT** |

  Plaintiff, a non-prisoner appearing pro se, filed the instant complaint on June 1, 2011, along with a Motion to Proceed In Forma Pauperis and a Motion for Appointment of Counsel. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a) (2006). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (2006). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

  Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed in forma pauperis pursuant to § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he

1 provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d
2 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the Court reviewing a
3 complaint filed pursuant to the in forma pauperis provisions of § 1915 make and rule on its own
4 motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed.
5 R. Civ. P. 4(c)(2). *Lopez*, 203 F.3d at 1127.

6 As currently plead, it is clear that plaintiff's complaint fails to state a claim upon which relief
7 can be granted. The standard used to evaluate whether a complaint states a claim is a liberal one
8 particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97 (1976).
9 However, even a "liberal interpretation . . . may not supply elements of the claim that were not
10 initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
11 "[P]ro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir.
12 1995). Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim
13 for relief must contain . . . a short and plain statement of the claim showing that the pleader is
14 entitled to relief . . . ." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation to provide the grounds of
15 [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of
16 the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555
17 (2007) (quotation omitted).

18 In the complaint, Plaintiff claims that his "request for review of appeals council action" was
19 denied by the Social Security Administration's Office of Disability Adjudication and Review
20 because the request was not timely filed. (Compl. 1, Doc. No. 1.) Plaintiff asserts that the
21 untimeliness of his request was "not his fault," because he relied upon an advocate provided by the
22 local welfare office to timely file the request on Plaintiff's behalf, which the advocate did not do.
23 (*Id.*) Plaintiff "seeks relief from the court in this matter." (*Id.* at 2.)
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

1   The Court finds these allegations are insufficient to put defendant on notice of the claims
2   against it, as required by Rule 8 of the Federal Rules of Civil Procedure.  Therefore, the Court finds
3   the complaint fails to state a claim upon which relief may be granted.  Accordingly, the instant
4   complaint must be **SUA SPONTE DISMISSED WITHOUT PRJUDICE** pursuant to §
5   1915(e)(2)(B).  As such, Plaintiff's Motion to Proceed In Forma Pauperis and Request for
6   Appointment of Counsel are hereby **DENIED AS MOOT**.

7   **IT IS SO ORDERED**.

9   DATED:  June 17, 2011

    _____
    Hon. Anthony J. Battaglia
    U.S. District Judge